IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL HOCKETT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:19-cv-1232 |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | Magistrate Judge Patricia L. Dodge |
| ORLANDO HARPER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER OF COURT

Before the Court is the Petition for Writ of Habeas Corpus (ECF No. 18) filed by state prisoner Randall Hockett ("Petitioner") under 28 U.S.C. § 2254.[1]  On April 4, 2020, Magistrate Judge Patricia L. Dodge issued a Report and Recommendation (ECF No. 19) in which she recommended that the Court dismiss the Petition without prejudice to Petitioner commencing another federal habeas case if, after the exhaustion of his state-court remedies, he does not receive the relief he seeks in state court.

Petitioner filed Objections (ECF No. 20) to the Report and Recommendation.  The district court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(C); *see also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987).  This Court may accept, reject, or modify, in whole or in part, the findings

---

[1] 28 U.S.C. § 2241 is the general federal habeas corpus statute. In relevant part, it applies to state prisoners who are challenging the validity of their custody prior to the issuance of a state-court judgment of sentence. Brian R. Means, FEDERAL HABEAS MANUAL § 1.34, Westlaw (database updated May 2019); *see, e.g., Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015); *Spence v. Venango County Court of Common Pleas*, No. 12-cv-107, 2014 WL 3055391, 2 (W.D. Pa. July 3, 2014). In contrast, 28 U.S.C. § 2254 is the federal habeas statute that applies to "a person in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a) (emphasis added). *See, e.g., Felker v. Turpin*, 518 U.S. 651 (1996); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001). Regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, he must first exhaust his available state-court remedies. 28 U.S.C. § 2254(b), (c); *Breakiro*n, No. 2:14-cv-570, 2015 WL 451167 at *7 (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975)).

or recommendations made by the magistrate judge.  The district court judge may also recommit the matter to the magistrate judge with instructions.

Upon review of the April 4, 2020 Report and Recommendation, Petitioner's Objections, as well as a review of the entire record in this matter, it is hereby ORDERED as follows:

Petitioner's Objections to the Report and Recommendation are overruled and the Court approves and adopts the Report and Recommendation as the Opinion of the Court.  The Court notes that the Objections raised in Paragraphs 2 and 3 are not relevant to this action, and that Petitioner may file a separate action to the extent he intends to pursue the claims and relief discussed therein.  The Petition for Writ of Habeas Corpus is DISMISSED without prejudice to Petitioner commencing another federal habeas case if, after the exhaustion of his state-court remedies, he does not receive the relief he seeks in state court.  To the extent a certificate of appealability determination is required, Petitioner is not entitled to one because jurists of reason would not find it debatable whether his claims should be dismissed because he is exhausting his state-court remedies.  The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated:  April 30, 2020

cc/ecf: All counsel of record